

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2007

# Wannamaker v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4255

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wannamaker v. Comm Social Security" (2007). *2007 Decisions.* Paper 1422.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1422

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4255

_____

ANNIE J. WANNAMAKER,

Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Appellee.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 03-cv-06201)
District Court Judge: Honorable William J. Martini

_____

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
June 30, 2006

Before: BARRY, VAN ANTWERPEN, and JOHN R. GIBSON,[*] Circuit Judges.

(Filed March 28, 2007)

_____

OPINION OF THE COURT

_____

_____

[*] The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals
for the Eighth Circuit.

JOHN R. GIBSON, <u>Senior Circuit Judge</u>.

Annie Wannamaker appeals the District Court's order affirming the Commissioner of Social Security's determination denying her Disability Insurance Benefits. She argues that the administrative decision finding her able to perform her past relevant work was not based on substantial evidence of record. We will affirm.

Wannamaker was 59 years old and working as an administrative assistant at a music company when she allegedly became disabled. She had held the job for seven years, and immediately before that she worked for one year as an accounts receivable clerk at a beeper company. Wannamaker claimed that she was unable to work due to pain in her back, neck, left shoulder, and left hand that became disabling as of August 4, 2000. Her application for benefits was denied, as was her request for reconsideration. Wannamaker requested and received a hearing by an administrative law judge. At that hearing, the Commissioner elicited expert medical testimony from an orthopedic surgeon, and Wannamaker testified and submitted documentary medical evidence in support of her application. The administrative law judge issued a decision that Wannamaker was not entitled to disability benefits, and the Appeals Council denied her request for review, making the administrative law judge's decision the final agency decision. Wannamaker filed an action in District Court seeking review of the final decision, and the District Court affirmed the Commissioner's decision.

The District Court provided a thorough narrative of Wannamaker's relevant medical history as discussed and considered by the administrative law judge, and we need

not repeat it in its entirety. In 1996, Wannamaker was diagnosed with a herniated disc at L5-S1. Two years later, an MRI revealed that she had suffered some degeneration in the L3-L4, L4-L5, and L5-S1 discs. She received physical therapy in 2000 for cervical/lumbar disc/herniation/lumbar syndrome, but upon her discharge in July she was able to perform all of her occupational duties and all activities of daily living. She underwent surgery in June 2000 to relieve impingement syndrome of the left shoulder and left carpal tunnel syndrome, and her surgeon cleared her to return to work as of July 31, 2000.

Wannamaker was also examined by consultative physicians. In August 2000, she complained of post-surgical left-arm numbness and back pain. In a March 2001 consultative physical examination, she had limited range of motion in her lumbar spine and left shoulder, was unable to walk on her toes or stand on her right leg, showed some minimal crepitus of her left knee, had a positive impingement sign of her left shoulder, and showed evidence of left rotator cuff tendinosis and possible osteoarthritis of the knees. In another examination that month, Wannamaker demonstrated an antalgic gait and had difficulty rising from a seated position. The grasping strength in her left hand was diminished, as was the motor strength in her left upper extremity. The examining doctor opined that she was able to sit, stand, walk, handle objects, hear, speak, and travel, but she should not lift or carry heavy objects. Tests conducted in October 2001 showed that she still experienced left-side carpal tunnel syndrome that was not very prominent.

At the hearing, Wannamaker complained of severe back pain and stiffness in her

left hand. She did not think her carpal tunnel surgery had significantly helped her, but instead her left hand symptoms were getting worse. She testified that she was unable to lift things with that hand and was unable to bring her left arm backward following her shoulder surgery. The orthopedic surgeon testified that Wannamaker's spinal findings showed normal degeneration for her age and that there were no neurological findings to correlate with disc herniation. He also testified that there was no anatomical reason for her inability to use her left shoulder or to manipulate the fingers of her left hand.

The administrative law judge concluded that Wannamaker had a severe impairment which required that he continue through the remaining steps of the sequential analysis. He considered whether Wannamaker retained the residual functional capacity to perform the requirements of her past relevant work because the medical evidence did not support a finding that any of Wannamaker's impairments met or medically equaled a listed impairment. The administrative law judge concluded that Wannamaker was capable of performing her past relevant work, and consequently denied her application. His decision ultimately became the final agency determination.

The standard of our review is to determine whether there is substantial evidence in the administrative record to support the Commissioner's findings. Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The District Court appropriately applied this same standard of review.

The Social Security Administration has set forth a sequential five-step process for evaluating disability claims, 20 C.F.R. § 404.1520, and the administrative law judge applied the first four steps. He found that: 1) Wannamaker had not engaged in substantial gainful activity since the alleged onset of her disability; 2) she has an impairment or combination of impairments considered "severe" under 20 C.F.R. § 404.1520(c); 3) her medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. §§ 404.1520(d) and 404, Subpt. P, App. 1; and 4) her residual functional capacity permits her to perform light work and does not preclude her from performing her past relevant work as an administrative assistant or accounts receivable clerk. The administrative law judge did not need to consider the fifth evaluative step because he found that Wannamaker could perform her past relevant work.

Our review of the administrative law judge's decision is limited to his findings under step four, as Wannamaker conceded below that she does not meet one of the listed impairments. We are mindful that Wannamaker bears the burden of proving that she lacks the residual functional capacity to perform her past relevant work. Sykes, 228 F.3d at 263.

Wannamaker argues that the decision was not based on substantial evidence of record because of two errors. First, she asserts that the administrative law judge failed to engage in the protocol for evaluating pain that is mandated by 20 C.F.R. § 404.1529. The regulation requires consideration of "all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted

by your treating, examining or consulting physician . . . and observations by our employees and other persons." 20 C.F.R. § 404.1529(c)(3). Standing alone, a claimant's statements about pain will not establish disability. Instead, "there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence . . . would lead to a conclusion that you are disabled." 20 C.F.R. § 404.1529(a).

The administrative law judge comprehensively listed the evidence relating to Wannamaker's pain (as well as her other symptoms), including her testimony, the documentary medical evidence from her treating and consulting physicians and physical therapists, and the testimony of an independent medical expert. Applying the regulatory framework to the evidence, the administrative law judge concluded that Wannamaker retains the residual functional capacity to perform light work. He explained that, while he considered her subjective complaints of pain and the physical limits caused by pain, her complaints were not supported by the weight of the medical evidence. He cited as an example her ability to alleviate her back, neck, and hand pain with an over-the-counter medicine product. The record indicates that the administrative law judge adhered to the regulatory requirements in his evaluation of Wannamaker's pain and that substantial evidence exists to support the agency conclusion.

Second, Wannamaker argues that the administrative law judge erred in finding that she was capable of returning to her past relevant work because he did not compare her

limitations to the functional demands of her past jobs as an administrative assistant and an accounts receivable clerk. The agency decision reveals otherwise. The administrative law judge applied the correct law, beginning with the definition of the term "residual functional capacity" as "the most an individual can still do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks." See 20 C.F.R. § 404.1545. He assessed her as being capable of sitting, standing, and/or walking for a total of six hours during the course of an eight-hour work day, and of lifting or carrying objects weighing up to twenty pounds occasionally and ten pounds frequently. He recognized that Wannamaker was restricted in overhead reaching with her left arm. Although Wannamaker had an "exemplary work history, chronicling a long and steady career of employment endeavors," her work history does not support a finding that she could not return to her job because her treating orthopedic doctor had authorized her return to work less than one week before she stopped working.

After concluding that Wannamaker retained the residual functional capacity to perform light work, the administrative law judge looked specifically at her ability to perform any of her past relevant work, defined as "usually . . . performed within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and meet the definition of substantial gainful activity." See 20 C.F.R. § 404.1565. Looking to Wannamaker's testimony, the administrative law judge found that she had described her performance in her last two jobs as sedentary. Sedentary work has fewer requirements on

weight to be lifted, standing, and walking than does light work, 20 C.F.R. § 404.1567(a), (b), and less than the evidence revealed that Wannamaker is capable of performing. The agency conclusion that Wannamaker was able to perform her past relevant work was therefore supported by substantial evidence.

We AFFIRM the judgment of the District Court.